UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUKE DESTIN,

        PLAINTIFF,

    V.

CARR BETTIS,

        DEFENDANT.

---

No. _____

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Luke Destin, by and through his attorneys, Omnus Law, alleges as follows:

## INTRODUCTION

1. Approximately 7 years ago, a birthday party in New York City served to provide the Defendant an opportunity to prey on the Plaintiff for his own sexual gratification.

2. Due to the resulting trauma the Plaintiff has dealt with resulting psychological damage, humiliation, abandonment of both a job and career path, continued port-traumatic stress and anxiety.

3. The situation is made worse by the fact that the Defendant is wealthy, powerful, and at the time of the assaults he was in a position of authority over the Plaintiff.

4. The Plaintiff was reticent about coming forward in consideration of the Defendant's history of aggressive litigation and willingness to bring false claims and/or defenses in court, and to use public media to defame his enemies.

5. After much soul searching, the Plaintiff has, nevertheless, filed this lawsuit to obtain redress for his injuries, and to demonstrate that even a man as powerful as the Defendant can be held accountable under the law.

## THE PARTIES

6. At the time of the incident Luke Destin was a celebrity stylist / fashion consultant in New York City.

7. Mr. Destin is a resident of the State of Georgia.

8. Carr Bettis is a Doctor, serial entrepreneur and businessman. At the time of the incident he was, and yet remains, Executive Chairman of AudioEye, Inc.

9. Upon information and belief, Bettis is a resident of New York State.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 USC 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

11. Venue is proper pursuant to 28 USC 1381(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

12. This Court has personal jurisdiction over Bettis pursuant to New York's long-arm statute, N.Y. CPLR 302(a)(1) and (2), if he is not currently a resident of New York State.

## FACTUAL ALLEGATIONS

13. The incident occurred on or about March 2017 during a quasi-work-related event, which was a birthday party for one of AudioEye, Inc.'s consultants.

14. The party was held in a private room on the second floor of STK Steakhouse in Downtown Manhattan.

15. At the time, the Defendant had been using the Plaintiff's services as a stylist.

16. During the course of the party the Defendant apparently became inebriated, and although married at the time, and ostensibly heterosexual, pursued the Plaintiff in an overtly sexual manner.

17. The Defendant followed the Plaintiff until the Plaintiff sat down, at which time the Defendant, unbidden, sat next to the Plaintiff.

18. While engaging in empty conversation, and without asking for permission, the Defendant started to put his hand on the Plaintiff's leg, and kept it there. The Plaintiff, though shocked, tried to ignore it, which unfortunately only emboldened the Defendant, who subsequently moved up to the Plaintiff's thigh, close to the genitals.

19. Humiliated, embarrassed and afraid, the Plaintiff tried to evade the Defendant.

20. The Plaintiff went into the men's room, but the Defendant pursued him into the men's room.

21. In the men's room, the Defendant, seemingly further emboldened, continued the unwanted touching, this time physically invading the Plaintiff's personal space, literally opening the door to the stall the Plaintiff was using, and then grabbing his genitals more directly when he opened the door to the stall. The Plaintiff was in shock, and at first didn't know what to do. Then he said, "you can't do this."

22. The Plaintiff, humiliated and disgusted, and after the last attack, had to spend 30 minutes emotionally distraught in the men's room before he could recover his composure sufficiently enough to leave. Once he recovered he immediately left the party.

23. The Defendant attacked the Plaintiff, touching him repeatedly without his consent, in order to satisfy his own sexual desires.

24. The Defendant's physical contact with the Plaintiff was offensive and wrongful.

25. As a direct result of the above-described assault the Plaintiff left New York City and lost employment opportunities in his chosen field.

26. As a direct result of the above-described assault the Plaintiff no longer had the will to continue living and working in New York. The Plaintiff also gave up working his dream job, and thus gave up on his chosen profession.

27. Approximately two months after the assault he moved to Atlanta.

28. As a direct result of the above-described assault, the Plaintiff suffered and continues to suffer from anxiety, depression and/or similar traumatic responses which have had a negative effect on his life, health and income.

29. The Plaintiff filed this lawsuit to obtain redress for his injuries and to demonstrate that a man as powerful as the Defendant can be held accountable under the law.

## CAUSES OF ACTION

### COUNT I
### Battery

30. Destin incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully here.

31. Bettis committed battery against Destin when Bettis groped and fondled him.

32. Bettis intentionally, and without Destin's consent, attacked Destin to satisfy his own sexual desires. Bettis' physical contact with Destin was offensive and wrongful under all the circumstances.

33. Bettis' contact was the direct and proximate cause of Destin's past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, and invasion of privacy.

34. Bettis' actions constitute sexual offenses as defined in Article 130 of the New York Penal Law, including but not limited to sexual abuse in the first degree (§ 130.65), sexual abuse in the third degree (§ 130.55), sexual misconduct (§ 130.20), and forcible touching (§ 130.52).

35. Plaintiff's claim for battery is timely under the Adult Survivors Act, N.Y. CPLR § 214-j.

## COUNT II
### Assault

36. Destin incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully here.

37. To sustain a claim for assault there must be proof of physical conduct placing plaintiff in imminent apprehension of harmful contact (*Hassan v Marriott Corp.*, 243 AD2d 406, 407; *see also, Charkhy v Altman,* 252 AD2d 413).

38. The Defendant made unwanted contact with the Plaintiff that was overtly sexual but without any request for Plaintiff's consent.

39. The Plaintiff had no way to know the Defendant's intent or state of mind, due to their unwanted and unexpected nature they rendered the Plaintiff apprehensive, and as such the multiple contacts can only be described as harmful.

40. Plaintiff's claim for assault is timely under the Adult Survivors Act, N.Y. CPLR § 214-j.

## COUNT III
### Intentional Infliction of Emotional Distress

41. Destin incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully here.

42. The tort of intentional infliction of emotional distress consists of four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co.*, 81 NY2d 115, 121).

43. Unwanted groping and fondling of the Plaintiff in public was extreme and outrageous.

44. The logical result of such actions would be to cause emotional distress.

45. Liability for intentional infliction of emotional distress has been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 ny2d 293, 303, quoting restatement [second] of torts § 46, comment d). *Freihofer v Hearst Corp.*, 65 NY2d 135; *Waldron v Ball Corp.*, 210 ad2d 611; *Carpenter v City of Plattsburgh*, 105 ad2d 295, affd 66 NY2d 791).

46. Plaintiff's claim for intentional infliction of emotional distress is timely under the Adult Survivors Act, N.Y. CPLR § 214-j.

### **AD DAMNUM**

By reason of the foregoing the Plaintiff has been damaged in excess of $1,000,000.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, New York
　　　　March 7, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Richard N. Freeth, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Omnus Law
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　136 Madison Avenue
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　5th & 6th Floors
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　richardfreeth@omnuslaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (212) 516-1445
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.omnuslaw.com